# SUPERIOR COURT

No. 719
ISRAEL v. CHAMPION SHOE MACH. CO.
Cincinnati Superior Court
No. 59096. Decided July 29, 1925

1134. SUMMONS—1. Statute providing for service of summons upon the "managing agent" of a foreign corporation, should be liberally construed in order to make it easier to obtain jurisdiction over such corporation doing business within the state.

2. Return of service of summons may be amended by Sheriff where person is incorrectly described as "mechanical representative" to show that person served, was in fact the "managing agent" in accordance with 11290 GC.

MARX, J.

Samuel Israel brought his action in the Cincinnati Superior Court against the Champion Shoe Machinery Co. Israel when he served summons in the original return, named Roy A. Westfall as the "mechanical representative" of the company. Upon motion, this service was quashed as not being in compliance with 11290 GC. which provides, "when the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent".

Upon application supported by the affidavit of the sheriff to the effect that the description of Roy A. Westfall as a mechanical representative was misnomer and inserted by mistake and that he was in fact the managing agent of the company, leave was given to the sheriff to amend his return. The company asked that a motion to quash the service of summons should be granted. The Court held:

1. There is no doubt of the Sheriff's right to amend an incorrect return. Burton v. Insurance Co., 26 OS. 467.

2. The weight of authority is to the effect that the installation of machinery, the settlement and adjustment of disputed claims and the making of sales constitutes doing business within the state and the authority granted to Westfall as the agent of the defendant company to do these things, constitutes him a managing agent within this state for the purpose of service of summons.

3. No injustice is done the company which is actually in court, by requiring it to answer to the merits. Considerable injustice might be done to Israel by requiring him to pursue the defendant into a distant jurisdiction where the witnesses would not be available for examination in court.

4. "The tendency of legislation and the policy of the law is to faciliate the obtaining of

service upon foreign corporations. Their business brings them in such close relations with the people of our state that it is desirable that they should be made amendable to our laws as far as practicable, instead of having our citizens seek other jurisdictions in which to enforce their rights." Railroad Co. v. Transportation Co., 32 OS. 116 at pg. 135.

5. In this case the company sent Westfall into the state to test machinery, to look after proper installation, to collect money, etc. It had no other representative here but Westfall, who was clearly the agent of the company and with respect to its business, he was its managing agent within the intent and meaning of the statute.

6. Motion to quash service of summons overruled and company is given 10 days within which to answer.

Attorneys—M. Froome Barbour for Israel; Bolsinger & Benham for Company; all of Cincinnati.